Sandra RICHARD, by Next Friend, Appellant,

v.

Carl HAWKINS, Appellee.

No. 14848.

Court of Civil Appeals of Texas.

Dallas.

Oct. 15, 1954.

Rehearing Denied Nov. 12, 1954.

White & Yarborough, Dallas, for appellant.

Chaney, Davenport & Harless, Dallas, for appellee.

**YOUNG, Justice.**

This is a tort action brought by appellant minor through next friend against appellee following personal injuries received in a collision between the automobile occupied by Sandra as a passenger, and one driven by Hawkins. Upon a jury trial and their answers to special issues, the court rendered judgment for defendant which is the subject of this appeal.

The collision occurred in late afternoon of April 27, 1952 on Highway 80 east of Dallas; that thoroughfare over the particular area consisting of three lanes, one for eastbound traffic, the other for westbound, and a middle or passing lane. The car occupied by Sandra, then aged eight, was being driven by her mother, Mrs. Velina Dunlevy, in an easterly direction on the highway, on right-hand side; car turning into the middle lane, according to Mrs. Dunlevy, at a time when said zone was clear; the car driven by appellee Hawkins, as she testified, turning into the same middle lane immediately thereafter. The result was a head-on collision with Sandra sustaining severe injuries, principally facial. Carl Hawkins, westbound, on the other hand testified to a prior occupancy of this passing zone, the collision occurring because of Mrs. Dunlevy's later turn into the same lane at a time when defendant could not get back onto his own right-hand side because of passing cars. In defendant's automobile at the time as passengers were Betty Jean Riley, Mrs. Maud Booze, Mrs. Ona Fay Boston and the latter's two children. The fact issue just mentioned (which of the vehicles first turned into this middle or passing lane) was a highly controverted one; Mrs. Dunlevy being the chief witness offered on behalf of the minor plaintiff.

The jury by its answers acquitted defendant Hawkins of all acts of negligence under the issues submitted; in turn, finding that Velina Dunlevy got into the passing lane of Highway 80 at a time when it was already occupied by Hawkins; and that such operation, also her failure to keep a proper lookout "was the sole cause" of the collision in question; further, that plaintiff's injuries were not the result of an unavoidable accident; answering "None" to final issue No. 32 with respect to monetary compensation.

Appellant's points first relate to the court's admission in evidence, over objection, of defendant's Exhibits 4 and 5, consisting of the citation in another civil case brought by a passenger in the Hawkins car naming Mrs. Velina Dunlevy as defendant; also the cover of an instrument marked "Judgment" in such cause; further complaining of the court's rulings on argument, both pro and con, concerning these exhibits. In this connection the following matters of record are here pertinent: Defendant had pled affirmatively (plaintiff not excepting thereto) that the driver of the automobile in which Sandra Richard was a passenger, "namely the said Velina Dunlevy has admitted that the method and manner in which she operated the 1941 Ford Sedan at the time and on the occasion in question constituted negligence on her part which was the cause of said accident in that she has paid damages to compensate the occupants of the defendant's automobile for injuries sustained by them in said accident." On the trial, Judge Hughes had excluded testimony of Mrs. Ona Fay Boston, a passenger in defendant's car, to effect that she, together with husband Roosevelt Boston, had sued Mrs. Dunlevy for injuries sustained in the same collision, with cash compensation in settlement; admitting testimony, however, of Mrs. Dunlevy, denying that she had ever been served with citation in such other suit or had made settlement by way of money judgment.

Exhibit 4 reads in material part: "No. 67769–E 101st Judicial District Court, Dallas County. Roosevelt Boston et ux et al vs Citation Velina McMeans Dunlevy 8323 Scyene Rd. Issued This 15th day of July 1952 Bill Shaw, Clerk District Courts, Dallas County, Texas By Ruth Lander, Deputy. Wayne Hancock Attorney for Pltf. Return Came to hand on the 15th day of July, 1952 at 2:01 o'clock P.M. executed at Dallas, within the County of Dallas, at 7:20 o'clock P.M., on the 16th day of July, 1952, by delivering to the within named Velina McMeans Dunlevy, defendant, in person, a true copy of this citation together with the accompanying copy of this petition, having first endorsed on same the date of delivery. The distance actually traveled by me in serving such process was 20 miles and my fees are as follows: To certify which witness my hand. For serving citation 1 copy—$1.25 For mileage 20 miles—$2.00 * * * Total fees $3.25 * * * Bill Decker, Sheriff of Dallas County, Texas by P. H. Martin, Deputy * * *."

Exhibit 5 consisted of the cover to a paper in the same styled and numbered cause endorsed "Judgment". Defendant had offered the contents of this instrument but was limited to its cover only. Both exhibits were further limited to impeachment purposes; that is, as affecting credibility of the witness, Mrs. Velina Dunlevy; plaintiff's objection thereto being on grounds of immateriality, irrelevancy, and hearsay.

 No error is seen in the admission of these exhibits so circumscribed. Defensive pleading was to effect that Mrs. Dunlevy had been brought into court in a suit by a passenger of the Hawkins car, paying damages in consequence, amounting to an admission of fault in the operation of her car at time of Sandra's injury; appellant making categorical denial concerning all such allegations. Obviously, the exhibits involve more than an attack upon the testimony of Mrs. Dunlevy on a collateral matter. On the other hand they had bearing upon matters immediately and properly connected with the main subject of inquiry. "When the existence of facts material to a plaintiff's case are put in issue by the defense, the truth of the testimony of witnesses to those facts is also put in issue; and evidence which has a tendency to show the untruth of such testimony is as relevant to the issues as testimony of other witnesses denying that the facts exist." Gulf C. & S. F. Ry. v. Matthews, 100 Tex. 63, 93 S.W. 1068, 1070. "As to what is material or directly impeaching matter depends on whether such matter 'bears upon a story of a witness with sufficient directness and force to give it appreciable value in determining whether or not that story is true.'" 45 Tex.Jur. 33, § 196, quoting from G. C. & S. F. Ry. v. Matthews, supra.

Appellant's several bills of exception complain of occurrences during course of the trial, all relating to jury argument. Bill No. 1: That Mr. Buck Davenport, defense attorney, stated in such connection: "Velina Dunlevy said she had not been served with a citation and that a judgment had not been entered involving her, but here is the proof that one of Sheriff Decker's deputies served her with a citation and here is the cover of the judgment"; exhibiting to the jury at time of argument both the citation and cover of judgment (Exhibits 4 and 5), no objection, however, being then made to the statement. Bill No. 2: That while plaintiff's attorney was in course of argument, the following transpired:

"Mr. Yarborough: Gentlemen of the Jury, they have introduced the outside cover on a judgment. And Velina Dunlevy tells you she has not been in court and there is no judgment against her, and she told you that under oath too.

"Mr. Davenport: We object to that argument if the Court please. I hate to do all this objecting, but we offered the entire judgment and he objected to the body of the judgment, and the outside jacket was admitted for impeachment purposes.

"The Court: I sustain the objection.

"Mr. Yarborough: Note our exception."

Bill No. 3 relates to further argument of plaintiff's counsel, viz.:

"Mr. Yarborough: Gentlemen, you heard Velina Dunlevy testify under the sanctity of an oath she has not been in court. What do they put that case in here for; to try to muddy up the facts of the case.

"Mr. Davenport: Counsel says she has not been in court and that is contrary to the—

"Mr. Yarborough: I say, Your Honor, she has not.

"The Court: I sustain the objection.

"Mr. Yarborough: Note our exception. Gentlemen of the Jury, you heard Velina Dunlevy testify. She has paid out no money to anybody, and that is the evidence, and he won't object to that.

"Mr. Davenport: I do want to object to it because we offered some proof and he objected to it himself."

■ If we be correct in holding that Exhibits 4 and 5 constituted admissible matter limited, as they were, to their bearing upon the credibility of Mrs. Dunlevy, then the contents of these bills of exception likewise relate to matters well within the record. Under Bills 2 and 3, the reference by counsel to the entire judgment of such disposed-of case (offered, but excluded save as to cover) was simply defendant's method of answer to opposing counsel's denial that Mrs. Dunlevy was a party thereto; said remarks not being regarded as having undue reference to excluded matter (contents of Exhibit 5), considering the sequence of argument in such connection and the record as a whole.

Upon careful examination of briefs all points advanced for reversal of cause are overruled and judgment accordingly affirmed.